IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL K. CONTRERAS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-CV-750-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Michael K. Contreras, TDCJ-ID #921722, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lovelady, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

On May 10, 1995, pursuant to a plea bargain agreement, Contreras pled guilty to robbery by

threats in cause number 0577180W in the 297th District Court of Tarrant County, Texas, and was placed on deferred adjudication community supervision for five years. *Ex parte Contreras*, State Habeas Appl. No. WR-63,246-01, at 19-26. He did not directly appeal the judgment placing him on deferred adjudication. On April 20, 2000, his deferred adjudication community supervision was revoked, and the trial court adjudged Contreras guilty of the offense and assessed his punishment at ten years' confinement. *Id.* at 31-32. He did not directly appeal the judgment adjudicating his guilt. In March 2002 Contreras was released on parole, which was revoked on March 1, 2004. (Resp't Answer, Exhibit A, at 1 & 3) Thereafter, he was denied re-release on parole on June 28, 2004, April 7, 2005, and February 21, 2006. (*Id.* 4-5) Contreras asserts that TDCJ has designated him as ineligible for release to mandatory supervision pursuant to HB 1433, formerly article 42.18, § 8(c)(1) of the Texas Code of Criminal Procedure, and now codified as § 508.149 of the Texas Government Code.[1] (*Id.* at Exhibit B) TEX. GOV'T CODE ANN. § 508.149 (Vernon Supp. 2008). On September 28, 2007, Contreras filed a state application for writ of habeas corpus, raising one or more of the issues presented, which was denied without written order by the Texas Court of Criminal Appeals on October 24, 2007. *Ex parte Contreras*, State Habeas Appl. No. WR-63,246-02, at cover. Contreras filed this federal petition on December 5, 2007.[2]

---

[1] HB 1433, which was passed in 1995 and became effective September 1, 1996, is the legislation that created discretionary mandatory supervision release for prisoners whose offenses occurred on or after the effective date. The bill was originally codified as article 42.18, § 8(c)(1) of the Texas Code of Criminal Procedure. As noted, it is now codified as § 508.149 of the Texas Government Code and is referenced in these findings and conclusions as § 508.149(b).

[2] A pro se habeas petition is considered filed when the petition is delivered to the prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

## D. ISSUES

Contreras's grounds for relief are construed as follows:

(1) TDCJ is misapplying § 508.149 to his case, in violation of his constitutional rights, and, had he known he would be subjected to the statutory provision, he would not have entered his guilty plea;

(2) Section 508.149 is unconstitutional;

(3) He is being denied street, work and good time credits toward his sentence, thereby extending his ten-year sentence, in violation of his parole contract with TDCJ, state law, and his constitutional rights; and

(4) He has been denied access to the courts because the state courts did not follow state statutory procedures for article 11.07 habeas applications.

## E. RULE 5 STATEMENT

Quarterman believes that Contreras has failed to exhaust one or more of his claims as required by 28 U.S.C. § 2254(b) and (c), and that one or more of his claims are time-barred. (Resp't Answer at 3-12)

## F. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing

>        by such State action;
>
>            (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>            (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking a state court judgment which became final before the AEDPA's effective date have one year from the effective date of the Act to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

To the extent Contreras's claims involve alleged facts or events related to his original 1995 guilty plea or plea proceedings, Contreras had one year from the effective date of the Act to file a federal petition, or April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202. Contreras asserts that had he known he would be subject to discretionary mandatory supervision release under § 508.149, he would never had entered a guilty plea and, instead, would have insisted on going to trial. (Pet'r Memorandum of Law at 5). Although the Fifth Circuit has held that the Texas mandatory supervision scheme creates a due process liberty interest in mandatory supervision release to eligible inmates, under Texas law in effect at the time of Contreras's offense, the state court proceedings and now, he is not, and never was, eligible for release on mandatory supervision based on his second-degree conviction for robbery under § 29.02 of the Texas Penal Code. *See* Act

4

of May 29, 1993, 73[th] Leg., R.S., ch. 888, §1, 1993 Tex. Gen. Laws 3533, 3534 (current version at TEX. GOV'T CODE ANN. § 508.149). With due diligence, Contreras could have learned that he would be ineligible for mandatory supervision release at or near the time of his original plea. Thus, even if his petition were timely as to his claims, due to his ineligibility Constreras has no cognizable claim in a § 2254 proceeding that he is entitled to release on mandatory supervision. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997).

To the extent Contreras's claims involve alleged facts or events related to the 2000 adjudication proceedings, the federal statute of limitations commenced when the state court's judgment adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review under § 2244(d)(1)(A). For purposes of this provision, the judgment became final and the one-year limitations period began to run upon expiration of the time that Contreras had for filing a timely notice of appeal on May 20, 2000, and expired one year later on May 20, 2001, absent any applicable tolling. *See Caldwell v. Dretke*, 429 F.3d 521, 526-27 (5th Cir. 2005), *cert. denied*, 127 S. Ct. 548 (2006).

To the extent Contreras's claims involve revocation of his parole on March 1, 2004, and the resultant loss of time credits, the federal statute of limitations began to run on the date on which Contreras could have discovered, through the exercise of due diligence, the factual predicate of his claims. 28 U.S.C. § 2244(d)(1)(D). Contreras's claims regarding his parole revocation and resultant forfeiture of accrued time credits were known, or could have been discovered through due diligence, on the date his parole was revoked or shortly thereafter. Accordingly, Contreras knew or should

have known of the factual basis for his claims on March 1, 2004, the date his parole was revoked.[3] He had one year thereafter, or until March 1, 2005, within which to timely raise his claims in a federal habeas petition, absent any applicable tolling.

Contreras's relevant state habeas application filed after the limitations period had already expired, in each instance above, did not operate to toll the respective limitations periods for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Contreras replied to Quarterman's answer or otherwise asserted a valid reason to justify his failure to timely raise his claims in a federal habeas corpus petition, and the record reveals none. Thus, he is not entitled to equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

## G. STATE HABEAS PROCEEDINGS

To the extent Contreras's claims involve alleged facts or events related to the state habeas proceedings, infirmities in such proceedings are not cognizable on federal habeas review. *See Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir. 1999); *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that Contreras's petition for writ of habeas corpus be DISMISSED, in part, as to grounds (1) through (3) as time-barred, and DENIED, in part, as to ground (4).

---

[3]The parties have not filed a record of the parole revocation proceedings. Thus, the Court relies upon the date the Board issued its "Proclamation of Revocation and Warrant of Arrest," on March 1, 2004. (Resp't Answer, Exhibit A, at 3)

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file 1specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 9, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 9, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 18, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE